```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| KEITH ESTES, SR., )<br>  )<br>    Plaintiff, )<br>  )<br> v. )<br>  )<br> MICHAEL J. ASTRUE, COMMISSIONER )<br> OF SOCIAL SECURITY, )<br>  )<br>    Defendant. )<br>  )<br>  ) | Civil Action No. 07-436-JMH<br><br>**MEMORANDUM OPINION AND ORDER** |

```
          **   **   **   **   **
```

This matter is before the Court on cross motions for summary judgment [Record Nos. 7 and 8][1] on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Keith L. Estes, Sr. filed an application for disability insurance benefits on September 13, 2004, alleging that his disability began November 5, 2003. Plaintiff's application was denied initially and upon reconsideration. On October 11, 2006, Administrative Law Judge ("ALJ") Ronald M. Kayser conducted a

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

hearing on Plaintiff's application. By written decision dated November 27, 2006, ALJ Kayser denied Plaintiff's application, finding that while Plaintiff has severe impairments (TR 16), none of those impairments singly or in combination meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (TR 18).

At the time of the hearing, Plaintiff was forty-six years old. (TR 331). Plaintiff graduated from high school and had some additional educational training while in the military (TR 316). Plaintiff has past relevant work as a vehicle repairman and was employed at Toyota Motor Manufacturing in the paint and quality control departments. (TR 316-20). After reviewing the entire record, ALJ Kayser found, *inter alia*, that Plaintiff suffers from degenerative disc disease of the lumbar spine and other severe impairments, but that said impairments do not meet a listed impairment. (Tr. 18). The ALJ concluded that Plaintiff has the residual functional capacity to perform his past relevant work and thus, is not disabled. In this appeal, Plaintiff claims the ALJ erred by failing to afford proper weight to the medical opinions of Drs. Manney and Asher and in concluding that he did not meet a listed impairment.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ

conducts a five-step analysis:

> 1.) Is the individual engaging in substantial gainful activity?  If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.
>
> 2.) Does the individual have a severe impairment?  If not, the individual is not disabled.  If so, proceed to step 3.
>
> 3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations?  If so, the individual is disabled.  If not, proceed to step 4.
>
> 4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity?  If not, the individual is not disabled.  If so, proceed to step 5.
>
> 5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled.  If not, the individual is not disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001).  "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir 1994).

### III. STANDARD OF REVIEW

3

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

Plaintiff argues that ALJ Kayser erred in failing to afford the proper weight to the opinions of Plaintiff's treating physicians, Drs. Manney and Asher.  Dr. Manney opined that Plaintiff was "limited to lifting or carrying no more than 20 pounds occasionally, sitting 1 hour in an 8-hour workday, standing 1 hour in an 8-hour workday, and walking 1 hour in an 8-hour workday."  (Tr. 20).  Dr. Manney also restricted Plaintiff from "repetitive, fine manipulation with either hand; repetitive right

4

lower extremity movements; and more than occasional bending, squatting, crawling, climbing, or reaching above shoulder level." *Id.* Dr. Asher's medical records indicate that his treatment of Plaintiff primarily concerned Plaintiff's mental health condition; however, Dr. Asher's functional assessment addressed Plaintiff's physical limitations. (Tr. 191-214).

The ALJ properly considered the opinions of treating physicians Manney and Asher, but did not find the extreme limitations they placed on Plaintiff's physical activities to be supported by the record as a whole. While the opinions of treating physicians are entitled to much deference, *see Warner v. Comm'r of Social Security,* 375 F.3d 387, 390 (6th Cir. 2004), the deference given to a particular physician's opinion depends on the extent to which it is supported by objective medical signs and the record as a whole. *See Walters v. Comm'r of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).

There was substantial evidence to support the ALJ's decision not to give the opinions of Drs. Manney and Asher controlling weight, and contrary to Plaintiff's assertion, the ALJ gave specific reasons for rejecting those opinions. First, as noted by the ALJ, the extreme physical limitations placed on Plaintiff by Dr. Asher were not supported by objective medical evidence. Second, the restrictions placed on Plaintiff by Dr. Manney were inconsistent with Plaintiff's daily physical activities and

5

Plaintiff's repeated reports of substantial pain relief from pain medications, epidural injections, and radiofrequency thermocoagulation. (Tr. 20). During the hearing, Plaintiff advised the ALJ that his daily activities include caring for his elderly mother, completing household chores, cooking, shopping, driving, and doing yard work. Additionally, Plaintiff reported to Dr. Manney that the various forms of pain relief provided him with a 75% reduction in pain.

In addition to the inconsistencies between the physical restrictions placed on Plaintiff by Drs. Manney and Asher and Plaintiff's daily activities and the lack of objective medical evidence to support the restrictions, the medical opinions of Drs. Graulich and Tibbs also indicate that Plaintiff's physical activities do not require the severe restrictions suggested by Drs. Manney and Asher. Dr. Graulich opined that Plaintiff should be limited to lifting twenty pounds occasionally and should avoid excessive bending, stooping, kneeling, and crawling, but that Plaintiff is not precluded from performing light work. (Tr. 138). Dr. Tibbs recommended only a forty pound lifting restriction. (Tr. 139). When posing a hypothetical question to a vocational expert, an ALJ is only required to incorporate into the hypothetical question limitations which he accepts as credible. *See Sias v. Sec'y of Health and Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988). Because the ALJ did not find the limitations imposed by

Drs. Manney and Asher to be credible or supported by the record as a whole, he was not required to incorporate those limitations into the hypothetical question.

Plaintiff's final contention on appeal is with the ALJ's determination that Plaintiff's impairments did not meet or equal, either singly or in combination, one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 § 1.04. Impairments under § 1.04 include:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1

Specifically, Plaintiff argues that he "either meets and/ or very likely meets a listing" . . . "under muscular skeletal." (Pl.

Br. 13). In the very next sentence of his brief, however, Plaintiff concedes that his "medical records do not provide exact language to meet with a listing but come so close that the ALJ should have further discussed same." Plaintiff has failed to provide any evidence that he satisfies one of the requirements under subparts A, B, or C of §1.04, arguing only that his condition is "close" to that listed in § 1.04. The law of this Circuit is that "close" is not sufficient to meet a listing impairment. *See Dorton v. Heckler,* 789 F.2d 363, 367 (6th Cir. 1986)(finding that even though plaintiff's medical evidence "*almost* establish[ed] a disability under [a listing impairment] of Appendix 1," there was not sufficient medical evidence to demonstrate that she met any of the listed impairments)(italics in original)).

### V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That the defendant's motion for summary judgment [Record No. 8] be, and the same hereby is, **GRANTED**; and

(2) That the plaintiff's motion for summary judgment [Record No. 7] be, and the same hereby is, **DENIED**.

This the 11th day of August, 2008.



**Signed By:**

*Joseph M. Hood*

**Senior U.S. District Judge**